IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIM BUNTING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 04-967-GMS |
| ) | Cr. A. No. 03-29-GMS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Christopher S. Koyste, Assistant Public Defender, Federal Public Defender's Office, Wilmington, Delaware. Attorney for petitioner.

Shannon Thee Hanson, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

Dec. 4, 2006
Wilmington, Delaware

SLEET, District Judge

## I. INTRODUCTION

Petitioner Kim Bunting ("Bunting") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 23.) The Government filed its answer in opposition. (D.I. 26.) For the reasons discussed, the court will deny Bunting's § 2255 motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Bunting was arrested at the Philadelphia International Airport in March 2003 for possessing 344 grams of cocaine; she later admitted to conspiring with an individual named "Money" in Delaware to bring the drugs from Jamaica into the United States. On May 23, 2003, Bunting pled guilty to a one count indictment charging her with conspiracy to import cocaine in violation of 21 U.S.C. §§ 952(a), 960(b), and 963. The court sentenced Bunting to 27 months of incarceration, followed by 3 years of supervised release, and a $100 special assessment. (D.I. 23.) Bunting did not file a direct appeal.

On August 20, 2004, Bunting timely filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 motion.[1] The Government filed its response in October 2004. Bunting's § 2255 motion is ready for review.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255; *Miller v. New Jersey State Dep't of Corrs.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998). Bunting did not appeal her conviction, therefore, AEDPA's one-year filing period began to run on September 10, 2003, the day after the [10 day period] for filing such an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26(a)(1); *Wilson v. Beard*, 426 F.3d 653, 662-63 (holding that Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period).

1

III. **DISCUSSION**

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the Untied States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A federal court may deny a § 2255 motion without holding an evidentiary hearing if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255.

Bunting asserts one claim in her § 2255 motion, namely, that her sentence is illegal under *Blakely v. Washington*, 542 U.S. 296 (2004) because she did not stipulate to the quantity of drugs and because the quantity of drugs applied to her sentence was not charged in the indictment. Although Bunting cites *Blakely* as the relevant authority, the issue she raises challenges the court's application of the federal sentencing guidelines and is more appropriately raised pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *See Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005). Thus, the court will review the claim pursuant to *Booker*.

The Third Circuit Court of Appeals has held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued." *Lloyd*, 407 F.3d at 616. Here, the record conclusively shows that Bunting's judgment of conviction became final in September 2003,[2] well before the date on which *Booker*

---

[2] The court entered Bunting's judgment of conviction on August 27, 2003, and she did not file a direct appeal. Therefore, her judgment of conviction became final on September 9, 2003.

2

was issued. Thus, the court will deny Bunting's § 2255 motion without an evidentiary hearing because the principles announced in *Booker* clearly do not apply retroactively to Bunting's case.

## IV.   CONCLUSION

For the reasons stated, the court will dismiss Bunting's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Additionally, the court will not issue a certificate of appealability because Bunting's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2. The court shall issue an appropriate order.

---

*See Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999)("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26(a)(1).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIM BUNTING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 04-967-GMS |
| | ) Cr. A. No. 03-29-GMS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Petitioner Kim Bunting's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED. (D.I. 23.)

2. The court declines to issue a certificate of appealability because Bunting has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dec. 4, 2006
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE



FILED

DEC - 6 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE